NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1887.

## MATTER OF GALL.

*In the matter of the estate of* JOSEPH GALL, *deceased.*

A child of a decedent, born of a marriage contracted before the execution of the will of the latter, cannot contest the admission of that instrument to probate upon the ground that he is not therein or otherwise provided for; but is confined to the remedy, afforded by Code Civ. Pro., § 1868, to recover the share of the property saved to him by 2 R. S., 65, § 49.   *Contra*, where the marriage followed the testamentary act, and issue thereof, so situated, survives; in which case the will is to be deemed revoked, pursuant to 2 R. S., 64, § 43.

APPLICATION for probate of will.

JAMES T. LAW, *for proponent.*

A. SIMIS, JR., *special guardian.*

THE SURROGATE.—I am asked to admit to probate two papers propounded as together constituting this decedent's last will and testament, notwithstanding certain objections interposed in behalf of one Caroline Gall, an infant, who is claimed by her special guardian to be decedent's posthumous child.

One of these objections challenges the jurisdiction of this court, but, upon the affidavits and papers here-

tofore submitted, I am convinced that it is not well taken. It must, *therefore,* be overruled.

In his only other objection, the special guardian alleges that "subsequent to the making of the said will" the testator married one Amelia Steel; that said Amelia Steel thereafter gave birth to the infant, whom such special guardian here represents, and that such infant is issue of such marriage. It is further set forth in the second objection that the "said will" undertakes to dispose of the decedent's entire estate; that it contains no provision for such infant, and makes no mention of her; and that the decedent has not provided for her apart from such alleged will by settlement or otherwise.

It is insisted by counsel for the proponent that, if Caroline Gall is in truth the daughter of the decedent, born after the making of the will, she is entitled, by the express terms of the statute in such cases provided (§ 49, tit. 1, ch. 6, part 2, R. S.; 3 Banks, 7th ed., 2287), to the same share in this estate which would be hers if her father had died intestate; that therefore she has no interest in this proceeding, but that she should be required to resort, after the probate of the will, to the remedies afforded by § 1868 of the Code of Civil Procedure.

Such is undoubtedly the situation of affairs if, at the time the decedent executed the latter of the two papers here in controversy, he and Amelia Steel were husband and wife. If however their intermarriage occurred *after* such execution the rights of the infant Caroline Gall, if she is in truth the decedent's daugh-

ter, are to be ascertained by reference to § 43, tit. 1, ch. 6, part 2, R. S. (3 Banks, 7th ed., 2286).

That section provides that " if, after the making of any will disposing of the whole estate of the testator, such testator shall marry and have issue of such marriage, and the wife or issue of such marriage shall be living at the death of the testator, *such will shall be deemed revoked,* unless provision shall have been made for such issue by some settlement, or unless such issue shall have been provided for in the will or in such way mentioned therein as to show an intention not to make such provision. And no other evidence to rebut the presumption of such revocation shall be received."

The special guardian's objections do not distinctly indicate whether the marriage between the decedent and Amelia Steel is claimed to have taken place before the execution of the *codicil* or after. They may be so amended as to contain a distinct allegation in this regard. If such amendment shall be made, and it shall be averred that the execution of the codicil preceded the marriage, the present motion in behalf of the proponent must be denied, otherwise it must be granted.